UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERRANTINO,<br><br>Plaintiff,<br><br>v.<br><br>BARADAT PROPERTIES,<br><br>Defendant. | No. 2:20-cv-00666-TLN-CKD PS<br><br>ORDER FOR DEFENDANT TO SHOW CAUSE<br><br>(ECF No. 30) |

On April 19, 2021, the parties appeared remotely for a settlement conference before the undersigned and settled this case. (ECF No. 29.) The court noted certain terms of the settlement on the record and ordered dismissal documents to be filed within 30 days. (Id.) On May 13, 2021, plaintiff—who is representing himself in this action—filed a notice stating that he "has entered hospice care and will proceed no further in this matter." (ECF No. 30 at 1.) Plaintiff indicates that he is "closing out [his] affairs" and attaches orders and judgments issued in two of his other cases in this court, which he recently voluntarily dismissed. (Id. at 1-11.)

In the early stages of a case, before the opposing party serves either an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action without a court order by filing a unilateral notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). But in this case, defendant has already filed an answer—twice, one in response to the original complaint and one in response to the amended complaint. (ECF Nos. 11, 16.) Thus, plaintiff's May 13 notice cannot serve as an

1

effective Rule 41(a)(1)(A)(i) notice of voluntary dismissal.

Following the settlement conference, the court was expecting the parties to submit a joint stipulation of dismissal signed by both parties, pursuant to Rule 41(a)(1)(A)**(ii)**. The parties are still welcome to submit a joint stipulation of dismissal. Given Mr. Ferrantino's unfortunate health circumstances and his statement that he "will proceed no further," however, the court realizes that may not be possible.

Accordingly, the court is inclined to construe plaintiff's May 13 notice as a motion for a court order voluntarily dismissing this case under Rule 41(a)(2). See Fed. R. Civ. P. 41(a)(2) (outside of circumstances in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms and conditions that the court considers proper"). In addition, the court is inclined to grant the motion and order (1) that the case be dismissed without prejudice, and (2) that defendant shall satisfy the original terms of the settlement. The court therefore issues this order to show cause in an effort to gain any insight or opinions on this matter from defendant, who has been silent since the settlement conference.

Good cause appearing, IT IS ORDERED that **within seven (7) days** of the date of entry of this order, defendant Baradat Properties shall file a written response to this order, showing cause why the court should not order dismissal of this case under Rule 41(a)(2) under the terms described above.

Dated: May 21, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.ferr.0666

2