UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FERRANTINO,<br><br>    Plaintiff,<br><br>v.<br><br>BARADAT PROPERTIES,<br><br>    Defendant. | No. 2:20-cv-00666-CKD PS<br><br><u>ORDER OF DISMISSAL</u><br><br>(ECF Nos. 30, 31) |

        On April 19, 2021, the parties appeared remotely for a settlement conference before the undersigned, at which they settled this case.[1] (ECF No. 29.) The court noted certain terms of the settlement on the record and ordered dismissal documents to be filed within 30 days. (<u>Id.</u>) On May 13, 2021, plaintiff—who is representing himself in this action—filed a notice stating that he "has entered hospice care and will proceed no further in this matter." (ECF No. 30 at 1.) Plaintiff indicates that he is "closing out [his] affairs" and attaches orders and judgments issued in two of his other cases in this court, which he recently voluntarily dismissed. (<u>Id.</u> at 1-11.)

        In the early stages of a case, before the opposing party serves either an answer or a motion for summary judgment, a plaintiff may voluntarily dismiss an action without a court order by filing a unilateral notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). But in this case, defendant

---

[1] This case has since been reassigned to the undersigned pursuant to the parties' consent to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1). (ECF Nos. 9, 11.2, 32.)

1

has already filed an answer—twice, one in response to the original complaint and one in response to the amended complaint. (ECF Nos. 11, 16.) Thus, plaintiff's May 13 notice cannot serve as an effective Rule 41(a)(1)(A)(i) notice of voluntary dismissal.

Accordingly, on May 24, 2021, the undersigned issued an order for defendant, within seven days, to show cause why the court should not construe the May 13 notice as a Rule 41(a)(2) motion for a court-ordered voluntary dismissal. (ECF No. 31.) See Fed. R. Civ. P. 41(a)(2) (outside of circumstances in Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms and conditions that the court considers proper"). Defendant has not responded.[2]

Considering the parties' representations at the settlement conference before the undersigned and defendant's lack of response to the show cause order, the court finds good cause to grant plaintiff's request as construed. See generally Sams v. Beech Aircraft Corp., 625 F.2d 273, 277 (9th Cir. 1980) ("A Rule 41(a)(2) motion is addressed to the sound discretion of the district court, and its order is not subject to reversal unless the district court abused its discretion."). As noted in the show cause order, the court finds it appropriate to order that the case be dismissed without prejudice, and that defendant must satisfy the original terms of the settlement. (ECF No. 31 at 2.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 13, 2021 notice that he will not proceed (ECF No. 30) is construed as a Rule 41(a)(2) motion for a court order of voluntary dismissal, and that motion is GRANTED;

2. Defendant Baradat Properties shall satisfy all terms of the settlement agreement reached between the parties at the April 19, 2021 settlement conference before the undersigned (see ECF No. 29);

////

////

---

[2] The court also invited the parties to submit a joint stipulation of dismissal, pursuant to Rule 41(a)(1)(A)(ii), but none was filed.

2

3. This action is DISMISSED without prejudice; and

4. The Clerk of Court shall close this case.

Dated: June 3, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.ferr.0666